ZARA POWERS, COMPL'T. VS. THOMAS HEERY, DEF'T.

*In Equity.*

An injunction may issue to restrain *trespass*, where irreparable injury would follow its denial; as where defendant is insolvent.

But *it seems*, that it will not be granted, where the title is in dispute.

And where the answer set forth, that there was an actual adverse possession by defendant, at the time of the purchase of the land by complainant, the injunction was refused.

### By ROBERT M. CHARLTON, Judge.

THE bill in this cause alleges, that complainant, on the 30th August, 1834, purchased from *Charles M. Goolsby*, a certain tract of land, containing 500 acres, situate in the county of Bryan, and State of Georgia: that said tract is entirely worthless and valueless, save on account of the timber and wood growing thereon: that *Thomas Heery*, the defendant, who owns, or pretends to own land, in the neighborhood of complainant's tract, has entered upon such land of complainant, (not in the occupancy of any one,) and has cut a great quantity of timber, among which are forty cords of fire-wood, amounting in value to $160, and has carried off and converted the same to his own use, and has refused to restore the same, and continues to trespass upon such land, and to cut and carry away the timber thereon, and has declared his intention to take all the timber from said land: that the said *Thomas Heery* is insolvent, having taken the benefit of the "Honest Debtors' Act," at the last term of the Superior Court of Chatham County, and is entirely irresponsible, to make good any waste he has committed, or may hereafter commit. The bill then prays for an injunction, account, and general relief.

Although the practice of granting injunctions, in cases of *trespass*, is an innovation upon the ancient rule, yet looking to the principle, apart from all authority, I can see nothing in justice or equity, which would forbid the exercise of such power. To deny

it, where irreparable injury and damage would be the consequence
of refusal, would seem to me to be unwarranted, by the principles
upon which the system of Equity is founded.   The decisions of
late years furnish numerous instances, where the writ has been
granted to restrain trespass, where irreparable injury would follow
its denial.   (*Hanson* vs. *Gardiner*, 7 Ves. 304.   Earl *Cowper* vs.
*Baker*, 17 Ves. 127.   *Crockford* vs. *Alexander*, 15 Ves. 138.   *Shu-
brick* vs. *Guerard*, 2 Dess. Rep. 616.   *Livingston* vs. *Livingston*,
6 John. Ch. Rep. 497.)   So it will be granted to prevent a multi-
plicity of suits.   (6 John. C. Rep. 497; and see *Jerome* vs. *Ross*,
7 John. C. Rep. 330, *et. seq.*)   Looking to the bill *alone*, I should
have been inclined to award this injunction.   The complainant has
*there* made out a very strong case.   He alleges that the defendant
is wholly insolvent, and unable to respond to the damages which
may be recovered against him, in a Court of law.   The case of
trespass, committed by a *pauper*, is one of those put by Mr. *Chitty*,
in his great work on *Practice*, (1 Vol. 722, 3,) in which injunction
ought to issue.

But I must refuse this injunction, upon the facts disclosed in the
answer.   The defendant denies, under oath, that he has ever com-
mitted any trespass, or waste, upon any land of complainant, in
the county of Bryan.   He swears, that for a considerable time past,
he has been engaged in cutting wood, upon two tracts of land, in
Bryan county, to which he deduces a regular chain of title, com-
mencing anterior to the right or grant of *Goolsby*, (the vendor of
complainant, and who claims under a grant, issued by the State of
Georgia, in July, 1832.)   He states, that he, defendant, has claimed
and held these tracts, in right of his children, under the titles which
he deduces, and that under such claim and right, he has been in
*actual possession*, ever since the 28th November, 1831, when the
title was made to his children, by *A. D'Lyon;* and that at the time
of the alleged sale by *Goolsby* to complainant, the said *Goolsby*
was out of possession of said tract, and that there was then an ad-
verse possession.   If all this is true, (and for the present, I must

[Powers vs. Heery.]

assume it to be so,) the defendant has removed all claim, which the complainant could have to the intervention of the strong arm of this Court. Very few cases can be found, where an injunction has been granted in trespass, when the title was in dispute. Lord *Eldon* had never known of such a case; (*Norway* vs. *Rowe*, 19 Ves. 146;) and Chancellor *Kent,* in *Storm* vs. *Mann*, (4 John. C. Rep. 21,) refused the injunction, in consequence of the same difficulty. No reasons are assigned for granting the injunction, in *Shubrick* vs. *Guerard*, (2 Des. Ch. Rep. 619,) and that cause stands unsupported, by previous or subsequent decisions. And most certainly, no case can be shewn, where such writ has issued in trespass, when the defendant has shown, by his answer, that the complainant has neither a legal nor equitable title, and where, if the statements of the answer are true, both complainant, and his vendor, have been brought within the penalties of the statute of maintenance, and the principles of the common law, applicable thereto. A purchaser of land, claiming under one, who was out of possession himself, might expect but little favor from a Court, either of Law or equity, when asking it against a person, who had been in actual adverse possession, at the time of the sale. The complainant's counsel has felt the pressure of the answer, and has attempted to obviate it, by the suggestion, that it is not specific, that it does not furnish the boundaries of the land, thus claimed by defendant, and that the Court cannot ascertain, therefore, if it is the same *locus in quo* the trespass was committed, as alleged by complainant. That argument may be briefly answered, by the remark, that if it is the same land, the defendant has "answered the complainant out of Court," and *if it is not* the same land, then as defendant has sworn, that he has committed no trespass upon any land in Bryan county, owned by complainant, he has sworn away all the Equity of the bill.

Injunction refused.

M'ALLISTER & HENRY, for complainant—L. S. D'LYON, contra.